UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHKELQESA DERVISHI on behalf of T.D., <br>     Plaintiff, <br> v. <br> STAMFORD BOARD OF EDUCATION, <br>     Defendant. | 3:11cv1018 (MPS) |

**ORDER ON PENDING MOTION FOR RECONSIDERATION**

Plaintiff Shkelqesa Dervishi, proceeding *In Forma Pauperis* ("IFP"), brought this action on behalf of her minor son, T.D., to appeal the decision of a due process administrative hearing officer pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415. [ECF No. 7]. The Court entered judgment in favor of Defendant and Plaintiff appealed. [ECF Nos. 90 & 91]. The Second Circuit vacated the Court's judgment in part and remanded this matter for further proceedings. [Dkt. 93].

On remand, the Court entered judgment on behalf of Plaintiff in the amount of $30,222.50 for stay-put services, $6,790.37 for stay-put transportation, and interest under 28 U.S.C. § 1961(a). [ECF No.155]. Plaintiff filed an appeal of the amount awarded by the Court's judgment. [ECF No. 156]. Defendant subsequently filed a motion to deposit monies in the amount of $37,437.86 into the Court's registry pursuant to Rule 67 of the Federal Rules of Civil Procedure.[1] [ECF No. 159]. By order dated

---

[1] Rule 67 provides: "If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it."

1

August 30, 2019, the Court denied Defendant's motion. [ECF No. 172]. Defendant has filed a motion for reconsideration. [ECF. No. 173].

Rule 7(c) of the Local Rules of Civil Procedure of the District of Connecticut authorizes motions for reconsideration. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

In its motion to deposit funds, Defendant represented that it had proposed this payment to Plaintiff in exchange for a satisfaction of judgment. [ECF. No. 159-1 at 4]. Defendant stated that the Stamford Board of Education sought to resolve this matter by paying the amount established by the judgment. *Id.* Defendant also filed a motion for relief from judgment. [ECF No. 160].

Plaintiff objected to Defendant's motions on the ground that she was not satisfied with the Court's judgment and had appealed. [ECF No. 168]. The Court denied Defendant's motion to deposit funds and motion for relief from judgment in light of Plaintiff's appeal of the amount awarded by the judgment. [ECF No. 172 at 2). The Court stated that Defendant could "provide payment to Plaintiff, as necessary, and obtain relief from judgment at the conclusion of this action, which includes the appeal process and any resolution in the event of a remand to this Court." *Id.*

In its motion for reconsideration, Defendant clarifies that it is not seeking a satisfaction of judgment by depositing monies into the Court. [ECF Nos. 173 & 181].

Plaintiff objects to the motion for reconsideration on grounds that there is no clear error of law and her concern that Defendant is attempting to increase the time of appeal [ECF Nos. 179 & 180 at 4]. The Court agrees that there is no clear error of law at issue. However, the Court will GRANT the motion for reconsideration due to Defendant's clarification that "[d]espite its prior overtures[,] the Board does not intend to receive a satisfaction of judgment in exchange for its payment in accordance with Rule 67." [ECF No. 181 at 3].

Rule 67 permits funds to be deposited into the Court for safekeeping "pending the resolution of a legal dispute," but it does not alter the "legal duties of the parties." Geismann v. ZocDoc, Inc., 909 F.3d 534, 541 (2d Cir. 2018). Here, Defendant seeks to deposit the funds into an interest-bearing account pending resolution of Plaintiff's appeal "so that the board need not hold it." *Id.* Plaintiff's appeal will not be delayed by permitting Defendant to deposit such funds into the Court registry.

## CONCLUSION

Defendant's motion for reconsideration is GRANTED [ECF No. 173]; and the Court's Order dated August 30, 2019 is VACATED [ECF No. 172].

Pursuant to 28 U.S.C. § 2045 and Federal Rule of Civil Procedure 67, Defendant Stamford Board of Education may deposit the amount of $37,437.86, including any interest thereon, into the registry for the Court pending the appeal of this Court's judgment.

Upon receipt of the check, the Clerk of Court shall deposit the funds into The United States Treasury to be invested in The Court Registry Investment System

(CRIS), the investment management tool of the Administrative Office of the United States Courts. The funds shall be placed in an interest-bearing account in the name of "Clerk of Court of the United States District Court for the District of Connecticut, Civil Action No. 3:11cv1018 (MPS).

The Administrative Office of the United States Courts shall administer the funds and charge fees under the Court Registry Investment System (CRIS), in accordance with this Court's Order Regarding Deposit and Investment of Registry Funds entered December 1, 2016. The funds deposited with The Court Registry Investment System shall remain on deposit until further order of the Court.

**SO ORDERED** THIS 6th day of November 2019 at Harford, Connecticut.

                                                                             /s/
                                          Michael P. Shea
                                          United States District Judge